UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THOMAS GESUALDI, et al., as Trustees and Fiduciaries
of the Local 282 Welfare, Pension, Annuity, Job
Training, and Vacation and Sick Leave Trust Funds,

                             Plaintiffs,

        -against-

HARDIN CONTRACTING INC.,

                             Defendant.
----------------------------------------------------------------X

**ORDER**
09-cv-0683(SJF)(AKT)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   MAY 0 6 2016   ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On January 2, 2012, plaintiffs served Dino Harrison, the registered agent of defendant Hardin Contracting Inc., with a subpoena, dated December 12, 2011, for document production and appearance at a deposition.[1] On June 26, 2012, upon Dino Harrison's failure to comply with the subpoena, the Honorable Thomas C. Platt, United States District Judge, ordered Dino Harrison to respond to the document requests in the subpoena on or before July 18, 2012 and to appear for a deposition on July 26, 2012.

On August 27, 2013, upon Dino Harrison's failure to comply with the June 26, 2012 order, Judge Platt: (1) ordered Dino Harrison (a) to respond to the document requests in the subpoena so that his response was received at the offices of Trivella & Forte, LLP, 1311 Mamaroneck Avenue, Suite 170, White Plains, NY 10605[2], on or before September 27, 2013,

---

[1] The subpoena at issue required Dino Harrison to produce certain documents and appear for a deposition at the Local 282 Funds Office in Lake Success, New York. (*See* Docket Entry ["DE"] 9, Ex. B).

[2] Although the subpoena and Judge Platt's June 26, 2012 Order required Dino Harrison to produce the documents and appear for a deposition in Lake Success, New York, Judge Platt

1

and (b) to appear for a deposition at the offices of Trivella & Forte, LLP, 1311 Mamaroneck Avenue, Suite 170, White Plains, NY 10605 at 10:00 a.m. on October 8, 2013; and (2) cautioned Dino Harrison that his failure to produce the requested documents or to appear for the deposition as set forth therein may serve as grounds for finding him in contempt and would subject him to civil and criminal penalties.

After Dino Harrison failed to comply with Judge Platt's August 27, 2013 Order, *i.e.*, by failing to produce the documents requested in the subpoena and to appear for the deposition on October 8, 2013 at 10:00 a.m., plaintiffs moved for an order holding Dino Harrison in contempt or, in the alternative, directing him to respond to the document requests in the subpoena and to appear for a deposition. By Order dated December 15, 2014, I[3], *inter alia*, (1) directed Dino Harrison (a) to respond to the document requests in the subpoena, dated December 12, 2011, so that his response was received at the offices of Trivella & Forte, LLP, 1311 Mamaroneck Avenue, Suite 170, White Plains, NY 10605, on or before January 27, 2015, and (b) to appear for a deposition at the offices of Trivella & Forte, LLP, 1311 Mamaroneck Avenue, Suite 170, White Plains, NY 10605 at 10:00 a.m. on February 10, 2015; and (2) cautioned Dino Harrison (a) that his failure to produce the requested documents or appear for the deposition in accordance with that Order would be held as contempt pursuant to Rule 45(g) of the Federal Rules of Civil Procedure and (b) that he would be ordered to pay plaintiffs their reasonable expenses, including attorney's fees, caused by his failure to comply with the subpoena and orders of this Court.

---

granted plaintiffs' request in their August 2013 application to compel Dino Harrison to produce the documents and appear for a deposition at the offices of their new counsel in White Plains, New York.

[3] This case was reassigned to me on September 15, 2014.

2

Plaintiffs served a copy of the December 15, 2014 Order upon Dino Harrison by personal service on December 15, 2014. (DE No. 22).

Dino Harrison failed to respond to the document requests in the subpoena, dated December 12, 2011, or to appear for the deposition on February 10, 2015 as directed by the December 15, 2014 Order. (*See* Declaration of Jonathan Bardavid ["Bardavid Decl."], ¶ 13 and Ex. H). Plaintiffs now move pursuant to Rule 45(g) of the Federal Rules of Civil Procedure and Local Civil Rule 83.6 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York for an order holding Dino Harrison in civil contempt and requiring him to pay them their reasonable attorneys' fees and costs in attempting to secure the production of the subpoenaed documents and his appearance at a post-judgment deposition. Although plaintiffs served the motion upon Dino Harrison on July 28, 2015, and filed it as unopposed on November 11, 2015, Dino Harrison has not responded to the motion to date.

"A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016); *accord Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004). Since plaintiffs have submitted clear and convincing proof that Dino Harrison has failed, without adequate excuse, to obey the subpoena dated December 12, 2011 and this Court's various orders related to it, all of which were clear and unambiguous, the branch of their motion seeking to hold Dino Harrison in civil contempt is granted and Dino Harrison is held in contempt pursuant to Rule 45(g) of the Federal Rules of Civil Procedure.

"Civil sanctions have two purposes: to coerce compliance with a court order and to compensate a plaintiff." *CBS*, 814 F.3d at 101; *see also Local 28 of Sheet Metal Workers' Int'l Ass'n v. E.E.O.C.*, 478 U.S. 421, 443, 106 S. Ct. 3019, 92 L. Ed. 2d 344 (1986) ("[S]anctions in civil contempt proceedings may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." (quotations and citation omitted)). Accordingly, plaintiffs' request to recover the reasonable attorneys' fees and costs they incurred in attempting to secure the production of the subpoenaed documents and Dino Harrison's appearance at a post-judgment deposition is granted.

However, although plaintiffs seek attorneys' fees and costs in the total sum of seven thousand one hundred thirty-two dollars and two cents ($7,132.02), (*see* Bardavid Decl., ¶ 14), their contemporaneous time records, (*id.*, Ex. I), demonstrate that they only incurred attorneys' fees in the total amount of four thousand five hundred one dollars and twenty-five cents ($4,501.25) and costs in the total amount of one thousand three hundred fourteen dollars and ninety-one cents ($1,314.91).[4] Accordingly, **on or before June 10, 2016**, Dino Harrison shall pay plaintiffs, by their attorneys, Trivella & Forte LLP, reasonable attorneys' fees and costs in the total sum of five thousand eight hundred sixteen dollars and sixteen cents ($5,816.16) as sanctions for his civil contempt pursuant to Rule 45(g) of the Federal Rules of Civil Procedure.

Moreover, Dino Harrison is directed to respond to the document requests in the subpoena, dated December 12, 2011, a copy of which is attached hereto, so that his response is received at

---

[4] Five (5) of the first six (6) entries of the time records submitted by plaintiffs delineate the costs expended by them in attempting to secure the production of the subpoenaed documents and Dino Harrison's appearance at a post-judgment deposition. It appears that plaintiffs erroneously included those costs in the total amount of attorneys' fees they sought.

the offices of Trivella & Forte, LLP, 1311 Mamaroneck Avenue, Suite 170, White Plains, NY 10605, **on or before June 10, 2016**; and to appear at the offices of Trivella & Forte, LLP, 1311 Mamaroneck Avenue, Suite 170, White Plains, NY 10605 for a deposition **on June 24, 2016 at 10:00 a.m.**, or another mutually agreeable date prior to June 24, 2016.

> **FAILURE TO COMPLY WITH ANY PROVISION OF THIS ORDER WILL SUBJECT DINO HARRISON TO A FURTHER FINDING OF CONTEMPT AND SANCTIONS FOR THAT CONTEMPT INCLUDING THE IMPOSITION OF FINES IN THE AMOUNT OF ONE HUNDRED DOLLARS ($100.00) PER WEEK FOR EACH WEEK THAT HE REMAINS NONCOMPLIANT, PAYABLE TO PLAINTIFFS, BY THEIR COUNSEL, TRIVELLA & FORTE, LLP, SUBJECT TO ESCALATION ON FURTHER APPLICATION, INCARCERATION, IMPOSITION OF FURTHER COSTS AND ATTORNEYS' FEES AND SUCH OTHER RELIEF AS MAY BE DEEMED APPROPRIATE.**

Dino Harrison's payment of plaintiffs' reasonable attorneys' fees and costs in the total sum of five thousand eight hundred sixteen dollars and sixteen cents ($5,816.16) and production of the documents requested in the subpoena, dated December 12, 2011, **on or before June 10, 2016**, and his appearance for a deposition as provided herein **on or before June 24, 2016**, will operate to purge the contempt.

Plaintiffs shall serve a copy of this Order upon Dino Harrison by personal service on or before May 9, 2016 and file proof of such service with the Court.

SO ORDERED.

s/ Sandra J. Feuestein

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: May 6, 2016
       Central Islip, New York

# United States District Court
## *Eastern District of New York*

**THOMAS GESUALDI, *et al.*, Plaintiffs,**

v.

**HARDIN CONTRACTING INC.,**

**Defendant.**

**SUBPOENA IN A CIVIL CASE**

**Case Number: 09-CV-00683 (TCP)(MLO)**

TO:  Dino Harrison
1441 Forest Avenue
Baldwin, New York, 11510

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

X  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Local 282 Funds Office<br>2500 Marcus Avenue<br>Lake Success, NY, 11042 | January 18, 2012<br>11:00 am |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents listed in Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Local 282 Funds Office<br>2500 Marcus Avenue<br>Lake Success, NY, 11042 | January 9, 2012<br>4:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 12/12/11 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David R. Hock, Esq., Cohen, Weiss and Simon LLP, 330 West 42nd Street, New York, NY 10036, (212) 563-4100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | By Hand |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but it not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to

compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(c) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to all requests for disclosures made herein:

1. "Communication" shall mean the transmittal of information in the form of facts, ideas, inquiries or otherwise.

2. "Document" shall mean writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary by the respondent through detections devices into reasonably usable form, including without limitation, electronic or data compilations.

3. "Parties" shall refer to the "defendant" or "plaintiff," as applicable, as well as a party's full or abbreviated name or a pronoun referring to a party, and where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

4. "Person" shall mean any natural person or any business, legal or governmental entity or association.

5. "Concerning" means relating to, referring to, describing, evidencing or constituting.

6. "All/Each" shall be construed as all and each.

7. "And/Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8. The use of the singular form of any word includes the plural and vice versa.

9. "Hardin" shall mean Hardin Contracting Inc., and/or all predecessors Hardin Contracting Inc.

10. "Property" shall mean real property.

11. "Materials and Equipment" shall mean inventory, materials, machinery, equipment, tools, trucks, automobiles or other personal property.

12. The documents called for are those in the possession, custody or control of Hardin Contracting Inc., or Dino Harrison, wherever located.

13. Unless otherwise specified, the time period covered by this subpoena shall extend from May 1, 2003 through the present.

14. The documents produced are to be segregated by request number.

15. All requests made herein shall be construed to include any supplemental documents responsive to these requests that are later prepared, created or discovered.

16. For each document with respect to which any privilege is claimed, defendant shall identify

the date of the document, any title or heading affixed to the document, the name and address of all persons to whom and by whom the document was sent or distributed, the type of document (e.g., letter, memorandum), the general subject matter of the document, and the nature of the alleged privilege.

## DOCUMENT REQUEST

You are hereby requested to produce the following documents:

1. The Articles of Incorporation and State Corporate Registration Certificates of Hardin.

2. Corporate Bylaws of Hardin including any and all amendments or riders to such documents.

3. All minutes or drafts of minutes of meetings of the Board of Directors of Hardin and shareholder resolutions.

4. Any and all final tax returns filed on behalf of or by Hardin.

5. All stock certificates issued by or concerning Hardin.

6. All shareholder agreements concerning or referring to Hardin.

7. All corporate notices, filings or reports concerning Hardin filed with, prepared for, or required by, any federal, state, or municipal authority.

8. Any and all real estate deeds, leases, mortgages, mortgage notes, deeds of trust, deeds of trust notes, payment schedules and all documents, including checks, related to payments of any and all leases, mortgages, or deeds of trust on property leased or owned by Hardin or held for Hardin beneficially by any person or trustee.

9. Any and all documents, including, but not limited to vehicle registrations, permits, leases, sale agreements, or other documents relating to motor vehicles either presently or formerly registered by Hardin.

10. Any and all records concerning ownership of Material and Equipment (as defined in ¶11 under Definitions and Instructions) by Hardin or any person acting on behalf of Hardin.

11. Any and all records concerning rental of Material and Equipment (as defined in ¶11 under Definitions and Instructions) by Hardin or any person acting on behalf of Hardin.

12. Any and all records concerning mortgage of Material and Equipment (as defined in ¶11 under Definitions and Instructions) by Hardin or any person acting on behalf of Hardin.

13. Any and all records concerning security of Material and Equipment (as defined in ¶11 under Definitions and Instructions) by Hardin or any person acting on behalf of Hardin.

14. Any and all records concerning use of Material and Equipment (as defined in ¶11 under Definitions and Instructions) by Hardin or any person acting on behalf of Hardin.

15. Any and all quarterly and annual corporate and federal tax returns of Hardin.

16. Any and all quarterly and annual corporate and state tax returns of Hardin.

17. Any and all W-2s, individual earnings cards and/or time cards for all of the employees or independent contractors hired, employed or retained by Hardin.

18. Any and all financial statements, profit and loss statements, balance and income statements, balance sheets, trial balance sheets, ledgers, journals (including cash disbursements and cash receipts), accounting

statements, accounting reports, copies of fronts and backs of checks or other documents designed to present the financial condition and/or asset or property holdings of Hardin in summary form, prepared by its officers or directors or on its behalf by any person or entity, or submitted to any financial institutions.

19. Any and all documents concerning any brokerage account of Hardin.

20. Copies of all checks, money orders, cashier's checks, wire transfers, electronic transfers, instruments of payments, negotiable instruments, or other documents representing payments or transfers of assets from Dino Harrison to Hardin, or any of Hardin's officers, directors, shareholders, or companies or entities owned, in full or in part, or controlled by these officers, directors, or shareholders.

21. Any and all bank statements, money market account statements, stock broker account ledgers, passbooks, entry ledgers, computer printouts, or other graphic representations of whatever kind that reflect money, assets or business property held by Hardin at any financial institution, brokerage house, bank, savings institution, safe deposit and trust company, or other financial or credit company.

22. Any and all written service and/or performance contracts, and any documents reflecting such contracts for service or performance between Hardin and any individual, organization, business or other entity that provided or received goods or services to or from Hardin.

23. Any and all documents reflecting any and all oral contracts for service or performance between Hardin and any individual, organization, business or other entity that provided or received goods or services to or from Hardin.

24. Copies of any and all contracts, memoranda, leases and/or agreements relating to the purchase, merger, consolidation, transfer or assignment of the goodwill, trade name, stock and/or assets of Hardin.

25. All records maintained on or concerning employees, owner-operators, temporary employees or independent contractors of Hardin.

26. All documents concerning job bids and/or performance bonds prepared or submitted by or on behalf of Hardin to any contractor(s) or other persons soliciting job bids, including documents concerning the qualifications of Hardin to perform work.

27. All work tickets, job orders or other documents that identify daily work assignments of employees of Hardin.

28. Provide documents that identify any and all accountants of or hired by Hardin.

29. Any and all documents and/or records of appraisals of the fair market value of the assets of Hardin.

30. Produce all service contracts to which Hardin was or is a party, and identify, and produce any and all documents that evidence the transfer or sale of such service contracts to any other person, company or entity.

31. Produce any and all documents related to service contracts to which Hardin was or is a party

that were assumed by any other entity.

33. Produce any and all documents related to personnel noted in any and all service, maintenance and/or modernization contracts to which Hardin was or is a party.

33. Copies of any and all contracts, memoranda, leases and/or agreements relating to the purchase, merger, consolidation, transfer or assignment of the goodwill, trade name, stock and/or assets of Hardin.

34. Provide any and all documents identifying customers of Hardin.